# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>JOANN INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 25-10068 (CTG)<br>(Jointly Administered) |
| JOANN INC., *et al.*,<br>Plaintiffs,<br>v.<br>ADVANTUS, CORP., FAIRFIELD PROCESSING CORP., GWEN STUDIOS, LLC, LOW TECH TOY CLUB, LLC, ORMO ITHALAT IHRACAT A.S., SPRINGS CREATIVE PRODUCTS GROUP, LLC.,<br>Defendants. | Adversary Proceeding<br>Adv. Proc. Case No. 25-51022 (CTG)<br>**Re: Adv. D.I. 3, 4, 8, 9, 12** |

## PARTIES' JOINT SUBMISSION TO REQUEST FOR ORAL ARGUMENT ON DEBTORS' MOTION TO (I) ENFORCE THE AUTOMATIC STAY; (II) ENFORCE THE SALE ORDER; AND (III) FOR A PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(a) AND 362(a) OF THE BANKRUPTCY CODE

The parties to the above-captioned actions, pursuant to Rule 7007-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), file this Joint Submission to Request Oral Argument on Debtors' Motion to (I) Enforce the Automatic Stay; (II) Enforce the Sale Order; and (III) For a Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code. The parties agree that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236. The "Effective Date" of the Debtors' Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates (Technical Modifications) (D.I. 1353) (the "Plan") occurred on July 16, 2025 (*see* D.I. 1416).

1

oral argument would be helpful given the complex nature of the issues presented but disagree as to the need for discovery in advance of oral argument. Given this disagreement, the parties request a status conference to discuss scheduling of oral argument.

## I. THE DEFENDANTS/OHIO PLAINTIFFS' POSITION

Advantus, Corp., Fairfield Processing Corp., Gwen Studios, LLC, Ormo Ithalat Ihracat A.S., Low Tech Toy Club LLC, and Springs Creative Products Group, LLC (the "Defendants/Ohio Plaintiffs"), the plaintiffs in the action captioned *Advantus, Corp., et al. v. Prendergast, et al.*, Case No. CV-2025-05-2241 (Ohio C.P.)[2] (the "Ohio Action"), by and through their undersigned counsel, respectfully request oral argument in connection with the Debtors' Motion to (I) Enforce the Automatic Stay; (III) Enforce the Sale Order; or (III) For a Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code (Adv. D.I. 3) (the "Motion").

Briefing in connection with the Motion was completed on July 10, 2025, and the Defendants/Ohio Plaintiffs believe that both (i) the Motion as well as the Debtors' Reply Brief in support of the' Motion to (Adv. D.I. 12) (the "Debtors' Reply Brief") make factual assertions that require an evidentiary proceeding in a manner to be determined in accordance with section B of The Chambers Procedures of The Honorable Craig T. Goldblatt (dated January 2, 2024), and (ii) oral argument will provide an opportunity for the Defendants/Ohio Plaintiffs to respond to arguments raised in the Debtors' Reply Brief as well as to address any questions the Court may have concerning the issues and relief presented therein.

While the Debtors' Reply Brief certainly focuses on matters at issue, it also makes new arguments from jurisprudence concerning the application of *Emoral, Inc. v. Diacetyl Plaintiffs (In*

---

[2] On June 16, 2025, the Ohio Defendants filed a Notice of Removal, removing the Defendants/Ohio Plaintiffs action captioned *Advantus, Corp., et al. v. Prendergast, et al.*, Case No. CV-2025-05-2241 (Ohio C.P.) to the U.S. District Court for the Northern District of Ohio. *See Advantus, Corp., et al. v. Prendergast, et al.*, No. 5:25-cv-01250-JRA (N.D. Ohio), Dkt. 1.

2

*re Emoral, Inc.),* 740 F.3d 875 (3d Cir. 2014)) and its progeny. Given the complexity of that jurisprudence, the Defendants/Ohio Plaintiffs believe that oral argument on the topic would be helpful to the Court, and permit the Defendants/Ohio Plaintiffs to respond to the arguments made in the Debtors' Reply Brief.

Additionally, the Defendants/Ohio Plaintiffs believe that any evidentiary hearing and oral argument on the Motion should occur *after* the parties have completed discovery related to the Motion and the Debtors' Reply Brief. The Defendants/Ohio Plaintiffs believe that the Motion and Reply Brief contain factual assertions (which the Defendants/Ohio Plaintiffs contest) that form the basis for the relief the Debtors' seek. Those factual assertions include, *inter alia*:

(i) that the Ohio Action's theory of liability is "available to any othercreditor and grounded in the same alleged conduct that impacted the entire creditor body" (*see* Reply Brief at ¶ 1);

(ii) that "every creditor has a similar claim and injury to the ones being asserted by the Ohio Plaintiffs" (*id.*);

(iii) that "all of the Debtors' creditors, including its trade creditors, could claim that they were misled as to the Debtors' financial condition and projected performance" (*id.*, at ¶ 3);

(iv) that "all of the Debtors' creditors were provided with similar financial information … and reassurances regarding the financial condition of the Debtors" as the Ohio Plaintiffs (*id.*, at ¶ 4);

(v) that the Debtors provided specific financial information to their creditors that was provided to the Defendants/Ohio Plaintiffs (*see id.*, at ¶ 23);

(vi) that the Defendants/Ohio Plaintiffs have not suffered separate or distinct injuries than any other creditor of the Debtors (*id.*, at ¶9); and

(vii) that the Defendants/Ohio Plaintiffs assert contract-based claims (*see* Motion at 8-10).

The Debtors make these factual allegations for the purpose of supporting their argument that the causes of action asserted by the Defendants/Ohio Plaintiffs in the Ohio Action are ultimately direct claims against the Debtors and thus subject to 11 U.S.C. §362(a)'s automatic stay.

Because the Debtors have initiated an adversary proceeding for the purpose of enforcing the automatic stay, the Defendants/Ohio Plaintiffs believe that they are entitled to discovery in order to test the veracity of the Debtors' broad allegations and see if they are supported by evidence. The Defendants/Ohio Plaintiffs wholeheartedly disagree with the Debtors' position that the Motion raises only legal questions and can be resolved without proof.

The Defendants/Ohio Plaintiffs have served the following discovery on the Debtors:

(1) Defendants/Ohio Plaintiffs' Corrected Amended First Set of Interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "<u>Federal Civil Rules</u>"), Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Rules, related to certain statements made by the Debtors in the Motion;

   a. **<u>Status</u>**: Debtors' responses and objections to these requests are due July 20, 2025;

(2) Defendants/Ohio Plaintiffs' First Set of Document Requests pursuant to Rules 26 and 34 of the Federal Civil Rules, Rules 7026 and 7034 of the Bankruptcy Rules, and the Local Rules, related to certain statements made by the Debtors in the Motion,

   a. **<u>Status</u>**: The Debtors have not completed production of responsive documents and the parties are meeting to determine whether there will be a discovery dispute concerning the Debtors' compliance with the Defendants/Ohio Plaintiffs' First Set of Document Requests;

(3) Defendants/Ohio Plaintiffs' Second Set of Document Requests pursuant to Rules 26 and 34 of the Federal Civil Rules, Rules 7026 and 7034 of the Bankruptcy Rules, and the Local Rules, related to certain statements made by the Debtors in the Motion,

   a. **<u>Status</u>**: These requests were served on June 30, 2025. Because the Debtors did not consent to the expedited deadline (7 calendar days) requested by the Defendants/Ohio Plaintiffs, the Debtors' responses and objections are due on July 30, 2025;

(4) Defendants/Ohio Plaintiffs' Third Set of Document Requests pursuant to Rules 26 and 34 of the Federal Civil Rules, Rules 7026 and 7034 of the Bankruptcy Rules, and the Local Rules, related to certain statements made by the Debtors in the Motion,

   a. **<u>Status</u>**: These requests were served on July 1, 2025. Because the Debtors did not consent to the expedited deadline (7 calendar days) requested by the Defendants/Ohio Plaintiffs, the Debtors' responses and objections are due on July 31, 2025;

(5) Defendants/Ohio Plaintiffs' Fourth Set of Document Requests pursuant to Rules 26 and 34 of the Federal Civil Rules, Rules 7026 and 7034 of the Bankruptcy Rules, and the Local Rules, related to certain statements made by the Debtors in the Debtors' Reply Brief,

   a. **Status**: These requests were served on July 11, 2025. The Debtors' responses and objections are due on August 11, 2025;

(6) Defendants/Ohio Plaintiffs' Second Set of Interrogatories pursuant to Rules 26 and 33 of the Federal Civil Rules, Rules 7026 and 7033 of the Bankruptcy Rules, and the Local Rules, related to certain statements made by the Debtors in the Debtors' Reply Brief;

   a. **Status**: These requests were served on July 11, 2025. The Debtors' responses and objections are due on August 11, 2025.

Plaintiffs also intend on serving one or more notices of deposition on the Debtors seeking to depose (1) any witness that the Debtors will call to testify at a hearing on the Motion, and/or (2) a designee of the Debtors under Federal Civil Rule 30(b)(6), applicable under Bankruptcy Rule 7030(b)(6).

While neither a motion to compel nor a motion for a protective order have been filed, the Defendants/Ohio Plaintiffs believe that the Court intervention will eventually be required to resolve disputes regarding this discovery given the Debtors' overarching view that this motion can be resolved without evidence. However, as detailed above, the Debtors' have not yet responded to the Defendants/Ohio Plaintiffs' requests. Only then, after the deadline for responses, and only the parties have engaged in the required pre-dispute conferences required by the Local Rules, should the Court hold a conference.

In sum, the Defendants/Ohio Plaintiffs submit that the Court should not predetermine (as the Debtors request herein) that the Motion can be "decided based solely on the face of the Ohio Action Complaint and the allegations and causes of action contained therein." The Defendants/Ohio Plaintiffs believe that the Debtors are required to make a record in support of the Motion that is comprised of admissible evidence, rather than solely upon legal argument.

## II.  THE DEBTORS' POSITION

### A.  Discovery Is Not Required to Resolve the Legal Question Before the Court.

The discovery requested by the Defendants/Ohio Plaintiffs is not necessary or relevant to resolve the Motion to (I) Enforce the Automatic Stay; (II) Enforce the Sale Order; and (III) For a Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code (Adv. D.I. 3) (the "Motion to Enforce the Sale Order").  Now that the Plan is effective, the Debtors no longer require—and thus are not seeking—a preliminary injunction.  Instead, the Debtors are seeking to enforce the Sale Order.  And, whether the Sale Order applies to the claims in the Ohio State Court Action presents purely legal issues—primarily, the application of *Emoral* and its progeny and whether the claims that were transferred to the Purchaser under the Sale Order are estate claims.  Those legal issues can and should be decided based solely on the Ohio Complaint and the allegations and causes of action contained therein.  Consistent with this approach, the Debtors do not intend to call any witnesses at the hearing on the Motion to Enforce the Sale Order and intend to rely solely on the Ohio Complaint.

As a result, participating in the depositions the Defendants/Ohio Plaintiffs intend to notice and responding to the Ohio Plaintiffs' 40 document requests and 28 interrogatories would be a needless waste of the Debtors' limited resources, who have a $1 million wind-down budget.  Put simply, there is no need for depositions when the Debtors are not calling any witnesses, and there is no need for any other discovery when the only document the Debtors will rely upon is the Ohio Complaint.  Thus, while the Defendants/Ohio Plaintiffs contend that they need discovery to test the veracity of the Debtors' broad allegation, for purposes of oral argument, the Debtors intend to rely solely on the broad factual allegations contained in the Ohio Complaint.  There is no need for the Defendants/Ohio Plaintiffs to engage in discovery to test the veracity of their own broad factual

allegations. Instead, the parties should proceed to oral argument on the Motion to Enforce the Sale Order.

### B.   All of the Debtors' Arguments Were Presented in the Motion.

The Debtors disagree that the Debtors' Reply Brief makes new arguments concerning *In re Emoral, Inc.,* 740 F.3d 875 (3d Cir. 2014) and its progeny. As the Ohio Plaintiffs note in their Objection, the Motion to Enforce the Sale Order also cites to and presents arguments based on *Emoral*. Adv. D.I. 8, ¶ 34. The Debtors' Reply then responds to the arguments in the Objection.

### CONCLUSION

The Defendants/Ohio Plaintiffs believe that the Court should hold a discovery conference as to the Defendants/Ohio Plaintiffs' discovery demands on the Debtors only after the parties have completed the pre-dispute conferences required by the Local Rules.

Given the dispute as to the need for discovery in advance of oral argument, the Debtors request a status conference with the Court to discuss the scheduling and scope of oral argument at the Court's earliest convenience.

*[Signature Page Follows]*

Dated: July 18, 2025
Wilmington, Delaware

        **GRANT & EISENHOFER P.A.**

        */s/ Frank H. Griffin*
        Frank H. Griffin (Del. Bar No. 7318)
        123 Justison Street
        Wilmington, DE 19801
        Tel: 302-622-7047
        Fax: 302-622-7100
        Email: fgriffin@gelaw.com

        and

        Gordon Z. Novod (admitted *pro hac vice*)
        Meagan Farmer (application for admission *pro hac vice* to be filed)
        485 Lexington Avenue, 29th Floor
        New York, New York 10017
        Tel: 646-722-8500
        Fax: 646-722-8501
        Email: gnovod@gelaw.com
               mfarmer@gelaw.com

        *Counsel for Ohio Plaintiffs/Defendants*

*[Signature Page Follows]*

| | |
|---|---|
| */s/ Patrick J. Reilley* | |
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone:   (212) 446-4800 |
| Telephone:   (302) 652-3131 | Facsimile:   (212) 446-4900 |
| Facsimile:   (302) 652-3117 | Email:   joshua.sussberg@kirkland.com |
| Email:   preilley@coleschotz.com | Email:   aparna.yenamandra@kirkland.com |
|    snewman@coleschotz.com | |
|    mfitzpatrick@coleschotz.com | - and - |
|    jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:   anup.sathy@kirkland.com |
| |    jeff.michalik@kirkland.com |
| |    lindsey.blumenthal@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |